CAPITOL FUNDS, INC. v. THURMAN C. WHITE, D/B/A J.P.W. INDUSTRIES

No. 8226SC730

(Filed 6 September 1983)

**Landlord and Tenant § 13— lease—no requirement of formal termination before leased to another**

> It is not the law that an existing lease of real property must be formally cancelled or terminated before the property can be validly leased to another. Therefore, where plaintiff's prior tenant orally agreed to cancel the lease and vacate the premises and allow defendant to occupy the premises, defendant could not avoid the lease on the basis that the prior lease had not been formally cancelled or terminated.

APPEAL by plaintiff from *Lewis, Robert D., Judge.* Judgment entered 2 April 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 May 1983.

In June, 1979, plaintiff owned an empty store building that was under a written lease to Thomas & Howard Company until May, 1980. The evidence at trial indicated that Thomas & Howard was willing to terminate the lease and surrender possession to a new tenant at any time, and upon doing so, was obligated to return the premises to their former condition. Defendant, knowing this, decided to rent the building; but before taking possession wanted to have certain repairs accomplished and was told to negotiate with Thomas & Howard about them, which defendant did over a period of several weeks. A three-year lease between the parties was written June 20, 1979, providing for a beginning date of July 1, 1979. It was signed by defendant July 20, 1979, after changing the beginning date to August 1, 1979, which was acceptable to plaintiff, who executed it July 30, 1979.

When the lease was executed, defendant was still negotiating with Thomas & Howard about the repairs to be made and when they could be completed and the premises delivered to defendant. On August 9, 1979, defendant and Thomas & Howard agreed in writing that the latter would replace some missing floor tiles, paint certain wall space, and pay defendant's August rent until the repairs were completed and possession was taken. Twelve days later, the repairs not having been completed to defendant's satisfaction, he notified plaintiff the lease was being cancelled because of plaintiff's failure to deliver possession to him as the

lease required. Two days later, on August 23, 1979, Thomas & Howard completed the repairs and so certified to the defendant. When defendant received the keys to the building is not clear, but he had them when he inspected the premises on August 21, 1979, and undertook to repudiate his lease.

At the close of all the evidence, based upon findings that the beginning date of the lease was August 1, 1979, and the prior lease had not been formally cancelled or terminated when the subsequent lease was executed, it was concluded as a matter of law that the lease between the parties was void and a directed verdict, dismissing plaintiff's action, was entered pursuant to defendant's motion.

*James M. Shannonhouse, Jr. for plaintiff appellant.*

*Kenneth W. Parsons for defendant appellee.*

PHILLIPS, Judge.

The judgment appealed from was erroneously entered. It is not the law that an existing lease of real property must be formally cancelled or terminated before the property can be validly leased to another. An oral agreement to rescind or terminate an existing lease is valid. "The statute of frauds applies to the making of enforceable contracts to sell or convey land, not to their abrogation." *Scott v. Jordan,* 235 N.C. 244, 248, 69 S.E. 2d 557, 560 (1952). The agreed statement of facts indicates that the prior tenant was willing to cancel the lease and vacate the premises at any time and its occupancy after 1 August 1979 was with defendant's consent and for the purpose of accomplishing repairs that defendant wanted. If the jury so finds, the lease sued upon is enforceable by law.

Defendant's decision to repudiate the lease was apparently precipitated by the prior tenant's failure to promptly complete the repairs that defendant desired. In sending the case back for a new trial, we point out that according to the evidence the plaintiff had no responsibility at all for the repairs or any delays that occurred in connection with them. In the lease, defendant agreed to accept the building as it was and the evidence plainly shows that the repairs involved were made at his request. Thus, any delay that occurred was defendant's responsibility and irrelevant to plaintiff's case.

Reversed.

Judges HILL and JOHNSON concur.